5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS, et al.,
Plaintiffs-Appellees/Cross-Appellants,
v.
Joseph F. ADA, in his individual and official capacities, et
al., Defendants-Appellants/Cross-Appellees.
 Nos. 91-16910, 92-15064.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1993.
Decided Sept. 1, 1993.
As Amended Oct. 8, 1993.
 
 Appeal from the United States District Court for the District of Guam, No. CV 90-00013-ARM; Alex R. Munson, District Judge, Presiding.
 D.Guam
 VACATED AND REMANDED.
 
 
 1
 Before: HUG and LEAVY, Circuit Judges, and REAL,* Chief District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant-appellant Joseph F. Ada, Governor of Guam, and other territorial officials (collectively "Guam") challenge the district court's award of attorney's fees and costs under 42 U.S.C. Sec. 1988 to plaintiff-appellee Guam Society of Obstetricians and Gynecologists, and other plaintiffs (collectively "plaintiffs"). The plaintiffs prevailed in a class action lawsuit that successfully challenged the constitutionality of a Guam statute restricting women's access to abortion procedures. Guam Society of Obstetricians and Gynecologists v. Ada, 962 F.2d 1366 (9th Cir.), cert. denied, 113 S.Ct. 633 (1992).
 
 
 4
 Guam contends that the district court improperly considered the risk of nonpayment in calculating the lodestar of all counsel and in applying a multiplier to the lodestar of lead local counsel, Arriola, Cowan & Bordalo ("AC & B"). Guam also contends that the district court improperly awarded fees to the American Civil Liberties Union Reproductive Freedom Project ("ACLU-RFP") for work performed on behalf of plaintiffs on the basis that the ACLU-RFP did not have standing to sue. The plaintiffs cross appeal, contending that the district court improperly failed to apply a multiplier to the lodestar of ACLU-RFP.
 
 
 5
 The district court had jurisdiction under 42 U.S.C. Sec. 1988. We have jurisdiction under 28 U.S.C. Sec. 1291. We vacate and remand all of the attorney's fee awards.
 
 I.
 
 6
 Guam argues that under the Supreme Court's holding in Burlington v. Dague, 112 S.Ct. 2638 (1992), the district court erred by considering the risk that counsel would not be paid for their services when it set the hourly rates upon which it calculated the lodestar figures of all counsel and when it applied a multiplier to the lodestar of AC & B. We agree.
 
 
 7
 In Burlington, the Supreme Court held that under certain environmental action fee shifting statutes a court may not "enhance the fee above the 'lodestar' amount in order to reflect the fact that the party's attorneys were retained on a contingent-fee basis and thus assume the risk of receiving no payment at all for their services." 112 S.Ct. at 2639, 2641-43. We have since held that the Burlington holding also applies to attorney's fee awards under 42 U.S.C. Sec. 1988, see Gates v. Deukmejian, 987 F.2d 1392, 1403 (9th Cir.1992), and to the calculation of the lodestar itself. Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir.1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir.1993). Neither Burlington nor its progeny had been decided at the time the district court entered the fee award, and thus the district court had no opportunity to apply those holdings. We remand the case for the district court to reconsider its fee awards in light of those opinions.
 
 II.
 
 8
 Guam argues that the district court erred by awarding attorney's fees to ACLU-RFP for the trial work it performed on behalf of plaintiffs Laurie Konwith and Guam Nurses Association, who, it maintains, did not have standing to sue. In the merits appeal, Guam challenged the standing of these plaintiffs. Guam now raises the same objection to the fee award for trial work. The ACLU-RFP contends that this issue was waived and also contends it is entitled to fees for work for other plaintiffs who clearly had standing. These issues can be considered on remand.
 
 
 9
 VACATED and REMANDED.
 
 
 
 *
 The Honorable Manuel L. Real, Chief United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3